**UNITED STATES of America,
Appellee,**

v.

**Michael J. VONDETTE, also known as Steven, also known as Big, also known as Big Guy, also known as Mike, also known as Michael J. Von Dette, also known as M.J. Vondette, also known as Glenn Titus, Defendant–Appellant.**

**Docket Nos. 02–1528(L), 02–1529(CON).**

United States Court of Appeals, Second Circuit.

Argued: Aug. 5, 2003.

Decided: Aug. 27, 2003.

Publication Ordered: Oct. 2, 2003.

Published: Dec. 16, 2003.

Paula Schwartz Frome, Kase & Druker (James O. Druker, on the brief), Garden City, NY, for Defendant–Appellant.

Burton T. Ryan, Jr., Assistant United States Attorney, Eastern District of New York (Roslynn R. Mauskopf, U.S. Attorney, Cecil C. Scott, Charles P. Kelly, Assistant U.S. Attorneys, on the brief), Brooklyn, NY, for Appellee.

Before: POOLER, SACK, and WESLEY, Circuit Judges.

POOLER, Circuit Judge.

This case requires us to decide whether Individual Retirement Accounts ("IRAs") are protected from criminal forfeiture by 26 U.S.C. § 408, which discusses nonforfeitability, or by the protection from invasion afforded to pensions under the Employee Retirement Income Security Act of 1974, Pub.L. No. 93–406, 88 Stat. 829 (codified as amended in scattered sections of 26 U.S.C. and 29 U.S.C.) ("ERISA"). Defendant Michael J. Vondette appeals from

the September 6, 2002, judgment of the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge* ), sentencing him to 40 years' imprisonment and 5 years supervised release and ordering him to forfeit ten bank accounts and two real properties in partial satisfaction of a two million twenty-seven thousand eight hundred and forty-five dollar ($2,027,845) money judgement entered against him. Defendant presents a variety of arguments, all of which are addressed by summary order originally entered August 27, 2003 and reissued in amended form simultaneously with this opinion to address all arguments not resolved here. This opinion addresses Defendant's claim that his funds held in IRAs are not subject to criminal forfeiture. We hold that funds held in IRAs are subject to criminal forfeiture and affirm the district court's order that Vondette's IRAs are subject to forfeiture by the government.

## BACKGROUND

We assume familiarity as to the facts. Nevertheless, we recite those that relate to the single issue before us—whether Vondette's IRA funds are criminally forfeitable.

Vondette was arrested after he was identified as being responsible for arranging shipment of two tractor-trailer containers filled with hashish from Newark, New Jersey to Montreal, Canada. Following a jury trial, he was convicted on one count of conspiring to distribute hashish, marijuana, and methaqualone and one count of conspiring to launder money. Based on these convictions, Vondette was sentenced to forty years imprisonment and five years supervised release. In addition, pursuant to 21 U.S.C. § 853, Vondette was ordered to forfeit a number of assets in order to partially satisfy a two million twenty-seven thousand eight hundred and forty-five dollar ($2,027,845) money judgement entered against him.

The amount to be forfeited was based on a special post-conviction verdict by the jury, finding that Vondette had accumulated five million eight hundred and eighty-two thousand one hundred and seventy dollars ($5,882,170) as a result of his illicit activities. This sum was reduced in the proposed order of forfeiture submitted by the government because some of the funds had been unwittingly delivered to undercover government agents. The district court adopted the substance of the government's proposed order into both its preliminary and final orders of forfeiture.

At the time the special verdict was entered, the government had been able to locate some of Vondette's assets and believed that there were more to be found. In the Final Order of Forfeiture the government identified the assets that they had been able to link to Vondette and sought their forfeiture as substitute assets. These assets included several IRAs.

Vondette appealed both his conviction and the order of forfeiture. All but one of the issues raised in this appeal are addressed by a summary order issued today. Here we address the single issue of whether Vondette's IRAs are properly subject to criminal forfeiture.[1]

Vondette argues that his IRAs are not subject to criminal forfeiture. He suggests that we should reach this conclusion through a strict interpretation of the Anti–Alienation provisions of ERISA. 29

---

1. Our decision on this issue originally appeared in the summary order published on August 27, 2003. The government subsequently moved to have the decision published. Because we were persuaded that our resolution of the question of whether IRAs are forfeitable may have precedential value, we granted the motion and now publish our disposition.

U.S.C. § 1056. This argument relies on ERISA interpretations that protect pension funds from seizure by civil judgment-holders. *Guidry v. Sheet Metal Workers Nat'l Pension Fund,* 493 U.S. 365, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990). Vondette contends that this rule should be extended to protect IRAs from criminal forfeitures.

## DISCUSSION

Property derived from certain illegal drug-related activities is subject to forfeiture to the government. *See* 21 U.S.C. § 853(a). Where this property cannot be located after the exercise of due diligence, substitute property owned by the defendant may be forfeited in its stead. *See* 21 U.S.C. § 853(p). Here the district court properly ruled that Vondette's drug-trafficking proceeds were forfeitable and accurately calculated the amount to be forfeited, adjusting the amount identified by the jury's special verdict to account for potential double-counting.

During the trial, the government knew of certain assets owned by Vondette (including the IRA accounts) but did not attempt to link them to his drug-trafficking activities. Because these assets have not been linked to Vondette's criminal activities, they must meet one of 21 U.S.C. § 853(p)'s substitute property standards to be forfeitable. Here, the district court determined that these assets were properly qualified as substitute property because the government had met 21 U.S.C. § 853(p)(1)'s due diligence requirement. The district court had an ample basis to reach this conclusion from the trial record and the affidavits filed in support of the Preliminary Order of Forfeiture.

In order to determine whether IRAs are subject to criminal forfeiture, we must decide two questions. First, we must determine whether 26 U.S.C. § 408 operates to protect funds held in IRAs from forfeiture.

Second, we must determine whether the Anti–Alienation provisions of ERISA apply to IRAs and, if so, whether they trump a criminal forfeiture action brought by the government.

### Section 408's "Nonforfeitable" Language

Section 408(a)(4) provides that an individual's interest in an IRA is "nonforfeitable." 26 U.S.C. § 408(a)(4). In order to determine whether this statute affords IRAs protection from criminal forfeiture by the government, we must understand what "nonforfeitable" means in the context of ERISA. Here, we follow the same path taken by the Seventh Circuit in *United States v. Infelise,* 159 F.3d 300, 303–04 (7th Cir.1998).

ERISA provides that "[t]he term 'nonforfeitable' when used with respect to a pension benefit or right means a claim obtained by a participant or his beneficiary to that part of an immediate or deferred benefit under a pension plan which arises from the participant's service, which is unconditional, and which is legally enforceable against the plan." 29 U.S.C. § 1002(19). This definition is not entirely clear, and the Supreme Court has weighed in on the issue, explaining that:

> Throughout the entire legislative history, from the initial proposals to the Conference Report, the legislators consistently described the class of pension benefits to be insured as "vested benefits." Petitioner recognizes, as it must, that the terms "vested" and "nonforfeitable" were used synonymously.

*Nachman Corp. v. Pension Ben. Guaranty Corp.,* 446 U.S. 359, 376, 100 S.Ct. 1723, 64 L.Ed.2d 354 (1980).

We are therefore persuaded that under ERISA, "nonforfeitable" is to be interpreted as synonymous with "vested". Thus, 26 U.S.C. § 408(a)(4) merely establishes that an individual has a vested interest in the

balance of his IRA and does not address the question of whether the IRA is subject to criminal forfeiture.

**ERISA's Anti–Alienation Provisions**

Vondette argues that we should take guidance from *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 376–77, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990), where 29 U.S.C. § 1056(d)(1) was interpreted to protect pension plans from certain civil forfeitures. However, *Guidry* is readily distinguishable from our case in two significant respects. First, *Guidry* involves a pension plan as opposed to an IRA. *Guidry*, 493 U.S. at 368, 110 S.Ct. 680. The Anti–Alienation provisions of ERISA provide that *"[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated"* and do not purport to apply to IRAs or any other type of retirement benefit beyond pension plans. 29 U.S.C. § 1056(d)(1) (emphasis added). Second, *Guidry* involved civil forfeiture as opposed to criminal forfeiture. There are significant differences in the policies that support these two different types of forfeiture. Pensions that are protected from civil forfeiture by ERISA might not receive such protection from criminal forfeiture. However, we need not reach this question, as the first distinction, the fact that the Anti–Alienation provisions of ERISA only purport to apply to pension plans, convinces us that *Guidry* is not controlling when the asset sought to be forfeited is an IRA. As a result, we are not persuaded by Vondette's argument, which relies on the Anti–Alienation provisions of ERISA to protect his IRAs from criminal forfeiture.

We decide today that IRAs are not shielded from criminal forfeiture. A panel of this court recently decided that IRAs are not shielded from civil forfeiture. That panel, facing a statutes of limitations defense, found unremarkable that IRAs are reachable by the government after certain violations of law by the IRA owners. *See United States v. All Funds Distributed to, or on Behalf of Edward Weiss and/or Rosemary Weiss*, 345 F.3d 49 (2d Cir.2003). Policy justifications might exist for protecting IRAs, given that these accounts often represent vital retirement funds. However, were we to protect IRAs from forfeiture, we would effectively be offering retirement benefits to criminals who were savvy enough to establish such accounts before they were captured. This would be an untenable result.

## CONCLUSION

Neither 26 U.S.C. § 408(a)(4) nor 29 U.S.C. § 1056(d)(1) protect IRAs from criminal forfeiture actions. Therefore, we AFFIRM the district court's conclusion that Vondette's IRAs are properly subject to forfeiture.